UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1598
(1:10-cv-00361-CCE-LPA)

SKY LEASE I, INCORPORATED,

           Plaintiff - Appellant,

     v.

FEDERAL EXPRESS CORPORATION, f/k/a Caribbean Transportation
Services, Incorporated,

           Defendant - Appellee.

O R D E R

     The  Court  amends  its  opinion  filed  January  5,  2012,  as
follows:

     On  the  cover  sheet,  district  court  information  section  --
the  district  judge's  middle  name  "Caldwell"  is  deleted  and  is
replaced  by  middle  initial  "C."

                              For the Court – By Direction

                              /s/ Patricia S. Connor
                                        Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1598**

SKY LEASE I, INCORPORATED,

　　　　　Plaintiff - Appellant,

　　　v.

FEDERAL EXPRESS CORPORATION, f/k/a Caribbean Transportation
Services, Incorporated,

　　　　　Defendant - Appellee.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.　Catherine C. Eagles,
District Judge.　(1:10-cv-00361-CCE-LPA)

Submitted:　December 20, 2011　　　　Decided:　January 5, 2012

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Nathan Duggins, III, Martha R. Sacrinty, TUGGLE DUGGINS &
MESCHAN, P.A., Greensboro, North Carolina, for Appellant.　Neale
T. Johnson, L. Cooper Harrell, SMITH MOORE LEATHERWOOD, LLP,
Greensboro, North Carolina; Thomas W. Southerland, III, FEDERAL
EXPRESS CORPORATION, Memphis, Tennessee, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sky Lease I, Incorporated ("Sky Lease") appeals the district court's grant of summary judgment in favor of Federal Express Corporation ("FedEx") in Sky Lease's action for breach of contract. We review a district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under North Carolina law, "a contract that is plain and unambiguous on its face will be interpreted by the court as a matter of law."[*] Schenkel & Schultz, Inc. v. Hermon F. Fox & Associates, 658 S.E.2d 918, 921 (N.C. 2008). "An ambiguity exists in a contract when either the meaning of the words or the effect of provisions is uncertain or capable of several reasonable interpretations." Register v. White, 599 S.E.2d 549, 553 (N.C. 2004). Our review of the record leads us to conclude that the contract provision in question is unambiguous, and allowed FedEx to terminate the contract with the required

_____

[*] The parties do not dispute that North Carolina law applies.

2

notice, and did not require payment for any unused aircraft hours if, as here, the contract was so terminated.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED